This case is called Oral Argument. It's People v. Evans. Counsel? May it please the Court? Counsel, my name is Larry Welles. I represent the defendant, Mark Evans, in this case. Mr. Evans was convicted of unlawful use of weapons by a felon, particularly the possession of a knife with the intent to use it unlawfully against another. He raises several issues before this Court, but unless there are questions, I'm going to confine my presentation today to the case of First Impression that's raised in the first issue. We're asking this Court to apply Statute 725 ILCS 5-111-3-C. Now, this statute comes out of some Supreme Court cases dealing with theft. In Illinois, a person who commits misdemeanor theft will be the misdemeanor. You commit another misdemeanor theft, and the previous theft conviction is used to enhance your sentence, and you can be convicted of a felony as a result. And there was a lot of dispute back and forth about whether it was proper to let the jury know about the prior felony, and the Illinois Supreme Court said, no, that's not fair. The jury's likely to convict the defendant based upon his prior conviction without regard to whether the defendant is actually guilty of the charge of offense. And since the guilt of the defendant doesn't have anything to do with the charge of offense, you shouldn't let them know. The person's guilty of theft regardless of misdemeanor amount, and then the felony goes to the penalty. And the legislature saw the wisdom of this and passed this statute, which has been applied very widely besides theft. It's been applied to DUI. It's been applied in sex crimes cases, drug cases, retail theft, driving on a remote license, any number of situations. Now, as far as I know, this statute has not been applied to unlawful use of weapons, but that's only because it hasn't come up to a court of review. I assume that this statute, being so widely known and used so broadly, is used in just this way at the circuit court level all the time. But it just wouldn't come up unless somebody made an error, and that's the situation here. The defendant has been charged and convicted of possessing a knife with the intent to use it unlawfully. Now, that's a crime for everyone. It doesn't make any difference whether you've got a prior felony or not. It's just like all these other offenses that we've been talking about where the statute's been applied. It's got nothing to do with the defendant's guilt. His status as having a prior felony doesn't have anything to do with whether he's guilty or not. The only thing that matters whether he's guilty or not is whether he possesses this knife with the intention to use it unlawfully against another. And anyone could be guilty of that. And so this statute applies very squarely to this situation. There's no reason not to apply it. And I think really we got a good boost out by the state here who cited the Gonzales case. I wish I'd found it myself. The Gonzales case is a great one. In the Gonzales case, it's a pistol case. It's a case about a pistol. And, of course, the defendant, Gonzales, was making an attack on the statute. He said, it's not fair for you to punish me without proving a criminal intent. And they said, we don't have to prove a criminal intent. You have a pistol. That's a per se forbidden item if you're a felon. That's the crux of the Gonzales case. And they highlighted the difference between having a pistol and, say, having a fillet knife or having a hammer. You have a fillet knife and you're filleting fish. You have a hammer and you're hammering a nail. Well, anybody can do those things with a tool. We didn't have a fillet knife or a hammer here, did we? Oh, I'm not sure exactly what kind of knife it was. I don't remember what it was. It was a kitchen knife, though. Was it being used in the kitchen? No, it was not. And the issue then would become, was this something that would be used unlawfully? And in order for the jury to fairly consider that, you can't tell them the guy has a prior felony, because there's the grave danger that they will just overlook the dispute in the evidence, the defendant testifying that he didn't do anything wrong. The same set of proven intent, though. Do they not intend to use it? Oh, sure. Sure, that's right. And you don't want that confused by that. Regardless of whether it's a fillet knife, a butcher knife, or anything else. That's right, or a hammer, or a sand club, a slung shot, whatever a slung shot is. There's a whole list of these things. And they're not things that are per se forbidden for people to have. It just depends on how you intend to use them. And so a pistol is what the Gonzales case was about, and they drew a very serious distinction between things that's per se forbidden for a felon to have and things that are not. And so Gonzales is a really good case for us. It highlights the difference between the different parts of the unlawful use of weapons statute. And the state admits that the defendant is charged with that part that requires criminal intent, and the part that talks about a pistol doesn't require criminal intent. We don't care if you were just cleaning the gun, holding it for your brother, selling it. It just doesn't matter. You're a felon. You can't possess the gun. We don't want to hear about you not having criminal intent. You just can't have it. It's nothing like a hammer, nothing like a knife. It's just not like those things. In order to be guilty of unlawful use of weapons by a felon for having a knife, you have to have criminal intent. And that same criminal intent will make you guilty whether you've got a prior record or not, just like if you have a theft and you're found guilty of the theft. Whether you have a prior record or not, this doesn't have anything to do with whether you're guilty. It only goes to your punishment. And that's exactly the situation here. You've got a knife, you're going to use it unlawfully, you're guilty. Now, how are you going to be punished? Class A misdemeanor, if it's the first offense. Class III felony, if you have a prior record. And that's the only effect that the prior conviction has. It changes it from a Class A misdemeanor to a Class III felony. That is exactly the whole series of other crimes that this statute has been applied to. We'd ask this Court, as a case of first impression, to apply it here, to find that it was plaintiff and not to apply it to defense benefit. Unless there are some questions, we request this Court to reverse its conviction and remand it for a new trial. Thank you, Counsel. Counsel? May I please support, Counsel? My name is Sharon Shanahan, and I represent the people of the state of Illinois. With the Court's permission, I'd like to approach this argument in a slightly different way. Issues 2, 3, and 4 can all be resolved by one thing, which is that they all require a finding of prejudice. Issues 2 and 3 were not objected to below and require a finding of plain error. And Issue 4 is a claim of ineffective assistance of counsel. If there's no prejudice, there's no ineffective assistance. So I want to very quickly point out a few facts in this case, because the facts as presented in the defendant's, argued in the defendant's brief, don't exactly match the facts that I found in the record. First of all, I would note that all of the witnesses, including the defendant, agreed that the defendant left the initial verbal altercation, or confrontation, excuse me, just a verbal argument, retreated to his son's home, and then he came out with a knife. The two victims, Mr. Price and Mr. Pritz, heard the defendant yelling and screaming after he returned to his home. They heard him come out yelling and screaming. They did not see what was going on. When they did, the defendant reached for the knife from behind him and started waving it around, jabbing it at Pritz and Price. He was within striking distance of them, only two feet away, and he was threatening to cut them or kill them. Second of all, and I think this is the most important fact I want to make, the defendant was not in his yard. He was what? He was in the intersection in front of the house he was staying at, his son's house. What's the evidence on that? Because in the reply, the defendant continues to contend that he was on his own property. It's very clear in the record. You're going to see it. I would note particularly there's one place where the defendant says that he was by the fireplace. Well, there's a picture in the record that shows the scene, and what you see is the defendant's son's house on a corner, this intersection there. So I'm just going to pick a direction. I don't remember how. Let's say the defendant's son's trailer is on the northwest corner of this intersection, and you cross the street, and on the northeast corner, you see the fireplace. That's the defendant's description of where this happened. You also have both of the victims saying that they were in the intersection, and it's clearly described. And, in fact, the defendant and his attorney both admitted this. I just told you what the defendant said, and defense counsel said the same thing. I would note page 219 that defense counsel agreed that this took place in the intersection, and 242 is where the defendant said that he was in the road out in front of his house. Finally, he was not surrounded. He walked out of his son's house and came into the road with a knife. He started yelling. Mr. Pritz and Mr. Price came out to see what he was doing. They were standing there talking to him, but the defendant was yelling so loud that he woke Mr. Harshman up. Mr. Harshman saw the defendant waving the knife at Pritz and Price. That's why he came out. He did approach from behind the defendant, but he didn't touch him. And, in fact, no one touched the defendant, and certainly no one jumped him. So I think that when that's applied to Issues 2, 3, and 4, those facts resolve the issue of prejudice. They resolve the issue of whether a self-defense instruction should have been given. They resolve the issue of any of the errors that were raised since they were not. What's your response to the Gonzales case, which was a knife or a gun, and this is a kitchen knife? I'll have a very – first of all, I'll answer your question. I want to read you a quote from Gonzales. This is a direct quote. Section 24-1.1 is not merely an upgraded version of the offense created by Section 24-1. Rather, it is a separate, distinct offense. The fact that the offender must be a convicted felon is merely an element of the crime. It is not an enhancement provision. Now, Gonzales did deal with a gun. But they said that – I mean, we're all told that, you know, you're careful about saying what a holding is. But it's very clear that that is the holding of Gonzales. They do not say that this is limited to guns. It says Section 24-1 is not an upgraded – in other words, the unlawful use of weapons by a felon statute. Could you address opposing counsel's argument that why shouldn't we treat this the same way as we do, like enhance DUI or enhance theft? Well, let me answer that with a question. What is the very first thing that a trial judge does when he's called a jury in to begin court hearing? He has to read the charging instrument to the jury. The charging instrument in this case is unlawful use of weapons by a felon. Defense counsel said in his opening argument that includes, obviously, an action by someone who is a convicted felon. Now, all these other cases that a defendant cites – theft, DUI, sexual abuse, possession of drugs – there's not a statute called theft by a felon. There's not a statute that's called DUI by a felon. There's not a statute that's called sex abuse by a felon. There's not a statute called possession of drugs by a felon. And what's the reason for the distinction between them? Why would the legislature do this? Well, our – when you read Gonzales and Tocco, it explains that this is a separate offense that deals specifically with felons. And as I say, I would note that in People v. Ryan, the Supreme Court dealt with the very specific section of – Does the state have to prove that the thief was a felon in order to get the enhanced sentence? That's not a question that's before this court. No, but I'm – That is a question that – It's a question for you. Okay. Here's what Gonzales said. The issue as framed by the court in Gonzales was whether a single factor was improperly used both to establish defendant's offense and to justify the imposition of an extended term sentence. That's the issue. I guess, counsel, I'm just curious, you know, why you believe there should be – why the courts or the legislature would distinguish between those offenses that are enhanced because of a prior conviction and this one, which is obviously a part of the charge itself, an element of the offense itself. Why would there be a distinction? Do you have any idea? The most I can say to you is the Supreme Court in Gonzales has said that this didn't rule in that that defendant could be found guilty of both unlawful use of a weapon by a felon and have the sentence enhanced. They didn't. The Supreme Court said that's okay. That was the issue before the Gonzales court. It was not the issue that is here, which is whether – the issue in Gonzales is whether the defendant's sentence was improperly enhanced. The issue that's before this court of whether you can even tell the jury that he's a felon wasn't an issue that was raised in that case. Mr. Gallant, Gonzales did not argue that no evidence of a felony could be presented. He challenged only the eligibility for an extended sentence. The Gonzales court said you can do both. Is there any indication of why the legislature would treat this offense different than it treated the theft offense that can be enhanced with the prior conviction? I'm sorry. May I ask the question? Have you asked the question again? Is there any reason that you can come up with why the legislature would treat this offense differently than it presumably did with the theft charges that are enhanced with the prior conviction? Why they did it? Yeah. Assuming that they did treat them differently. Well, they have to treat them differently. I mean, there's no other statute that in its title says by a felon. They could have easily have said theft by a felon, too. They could have, and they chose not to. I'm just asking you, is there any reason why you can think the legislature would do that, would make that distinction? Why they made the distinction? Right. They have made the distinction, and that's the most I can say. Okay. I cannot give answers. I can't come up with one myself, either. I'm just, you know. But, again, I go back to Gonzales' Supreme Court decision that says you do both. You do both. Not you do one or the other. You do both. That's what Gonzales held. So, if there are no other questions. I don't believe there are. Thank you, Counsel. Counsel? Your Honor, on the facts, I don't think the state is arguing the proper standard for this court, not even close. The state is arguing all these facts in the light most favorable to the state as if there were reasonable doubt arguments raised here, and all the presumptions would flow against the defendant. The question that are being raised here is whether the defendant had a fair trial. And you don't view the evidence in light most favorable to the state to do that. I would quote this court, R-242. The defense said that the events happened, quote, right there on the very front corner of my boy's yard, close quote. R-245, the defense said, they surrounded me, period, end of quote. You want to look at whether these errors could have had an effect on the trial, you have to look at the evidence that's in favor of the defendant to see whether they could have made any difference. Was there evidence from the state that he wasn't on his own property? Oh, yes. For the jury to balance and weigh? That's exactly correct. Some of these people said they were out in the street, and he clearly testified that he was surrounded and that he was on his boy's property. And that's exactly why these kind of errors could have made a difference. Because the jury could have believed the defendant, but for the poisoning of the jury with these errors. And you can't resolve that question by pointing to all the evidence as if this was a reasonable doubt. Do you want to answer opposing counsel's argument that one of the first things the trial judge does is read the charge to the jury? Oh, sure. There's motions in Lemonade that keep those sorts of things out all the time where you just don't mention them. Don't tell them what the charge is. Oh, in this case, the fact that it's by a felon is superfluous to the question of whether he's guilty or not. It would just be unlawful use of weapons. At least, that would be all required to let the jury know what his job is and prevent the kind of prejudice that this statute is designed to prevent. There's no need to say that. And there's all sorts of things like that that happen where the jury just doesn't care a certain portion of something, and it wouldn't have affected any of the issues that were properly before the jury here. Why not give a limiting instruction? Well, I suppose it's possible. Do you think that would address your prejudicial concerns? Well, I would cite this court. We've cited the case of People v. Lindgren. It's one of my favorites. And it says that if other crimes' evidence comes before the jury, it's presumed cause error, and the presumptive result is a new trial. And then in order to determine that, whether that presumption should apply, you have to look at the case itself. And in this situation, what would it be weighed against? What purpose would be served by telling the jury that the defendant had a previous conviction? Under the statute, it's not one of the elements. It's just in the title. It's just the content of a pleading is not ruled by its title. The importance of a pleading is found in the body. The fact that this particular pleading had the title by a felon. That's an element in the jury instruction, though. Oh, it was covered in court. Here was an opening statement. It was in the evidence. 18.08 says that that's an element of the jury instruction. And it's in the jury. And it's all over the place. As far as I know, this statute has not been applied. It would be a case of first impression to apply it to the lawful use of weapons statute. And, again, we're strongly urging this court to consider that Gonzales case to be about a pistol. If you look at what the defendant was challenging and what he was trying to get at and what the Supreme Court was ruling about, it was ruling about the per se forbidden nature of a pistol. And it's just wrong to have this case treated differently than all the other cases where the statutes are designed the same way. A hammer and a knife require a criminal intent, and you're only guilty because of that criminal intent, not because of your statute. And that's different than a pistol. It's different than a pistol. I don't think there are. Thank you. We appreciate the briefs and arguments of counsel. We'll take the case under advisement.